```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

GENERAL CABLE CORPORATION, : NO. 1:05-CV-00083
        Plaintiff, :
                               : **OPINION AND ORDER**
    v. :
SHARON F. HIGHLANDER, et al., :
        Defendants. :

This matter is before the Court on Defendants' Joint Motion to Disqualify Counsel for the Plaintiff (doc. 4), Plaintiff's Response in Opposition (doc. 15), and Defendants' Reply (doc. 18). Also before the Court are three motions to dismiss: Defendant Brent Highlander's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (doc. 9), Plaintiff's Response in Opposition (doc. 20); Defendant Sharon Highlander's Motion to Dismiss Count III For Failing to Plead Fraud with Particularity and For Failure to State a Claim Upon Which Relief Can Be Granted (doc. 10), Plaintiff's Response in Opposition (doc. 19); and Defendants' Joint Motion to Dismiss Count II and Count IV For Failing to State a Claim Upon Which Relief Can Be Granted (doc. 11), and Plaintiff's Response in Opposition (doc. 21).

**I. Background**

Plaintiff General Cable Corporation ("General Cable"), a Delaware Corporation with its headquarters in Highland Heights,

Kentucky, brought its Amended Complaint on March 8, 2005, alleging that its former Vice President and Chief Information Officer, Sharon Highlander, conspired with co-Defendants to award contracts to Defendant AGEM Enterprises International, Inc., ("AGEM"), a Nevada corporation, under commercially unreasonable terms detrimental to its interests (doc. 8).  Plaintiff alleges that Sharon Highlander awarded such contracts in consideration for favorable terms in her and her husband Brent Highlander's business dealings with Defendant Stuart Hartman ("Hartman"), the owner of AGEM (Id.).  Specifically, Plaintiff avers that Hartman and Sharon Highlander are business partners in Par Three, Inc. ("Par Three"), and Par Four, LLC ("Par Four"), Nevada corporations (Id.). Plaintiff alleges Sharon Highlander never disclosed this relationship to it (Id.).  Plaintiff further alleges that the Highlanders also own the Lindale Golf Club (Id.).  According to Plaintiff, Par Three, Par Four, and Hartman are involved in owning or receiving a share of the profits of the Lindale Golf Club (Id.).

Plaintiff avers that sometime in 2002, Sharon Highlander recommended that it outsource much of its information technology administration and support to an outside vendor, AGEM (Id.). Plaintiff avers that Sharon Highlander subsequently negotiated agreements in 2003 and 2004 with AGEM that resulted in bonuses for AGEM exceeding what the market for AGEM's services demanded (Id.). According to Plaintiff, Hartman encouraged Sharon Highlander's

2

conduct on behalf of AGEM, and promised benefits to her and her husband in exchange for the favorable terms in the 2003 and 2004 agreements (Id.). Plaintiff also alleges that Mr. Highlander encouraged his wife to negotiate favorable terms for AGEM (Id.).

Plaintiff's four-count Complaint alleges in Count I that Sharon Highlander breached her fiduciary duty to General Cable by failing to notify General Cable of her conflict of interest, by recommending that General Cable enter into contracts that were commercially unreasonable and detrimental to Plaintiff, by using corporate property for personal gain, and by failing to protect General Cable's assets (Id.). Plaintiff alleges in Count II that Defendants AGEM, Hartman, and Brent Highlander knew of Sharon Highlander's fiduciary duties, and aided and abetted her in the breach of such duties (Id.). Plaintiff's third Count is grounded in the theory that Sharon Highlander made material misrepresentations and concealed facts about her relationship with AGEM and Hartman, constituting fraud and/or intentional misrepresentation (Id.). Finally, Plaintiff alleges in Count IV that all Defendants engaged in a civil conspiracy aimed at injuring Plaintiff (Id.).

**II. Defendants' Motion to Disqualify Counsel (doc. 4)**

The power to disqualify an attorney, or attorneys, from a case is incidental to all courts. Ex Parte Burr, 22 U.S. (9 Wheat) 529, 531 (1864)(Marsall, C.J.). However, a trial court does

not possess unfettered discretion to disqualify counsel. <u>Kitchen v. Aristech Chemical</u>, 769 F. Supp. 254, 258 (S.D. Ohio, 1991). While motions to disqualify may be legitimate and necessary under certain circumstances, they "should be viewed with extreme caution for they can be misused as techniques of harassment." <u>Freeman v. Chicago Musical Instrument Co.</u>, 689 F.2d 715, 722 (7th Cir. 1982). Ohio courts have held that a litigant's right to "select counsel of choice should be limited only when representation poses a significant risk of a violation of the Canons of the Code of Professional Responsibility." <u>Henry Filters, Inc. v. Peabody Barnes, Inc.</u>, 611 N.E. 2d 873, 875 (Ohio App. 6th Dist. 1992).

At issue in Defendants' Motion to Disqualify is Ohio Code of Professional Responsibility DR 5-101(B), which provides that a lawyer should withdraw as an advocate if "he or a lawyer in his firm" is likely to be called as a witness. Defendants argue that counsel for Plaintiff, Blank Rome, LLP, ("Blank Rome") should be disqualified because Elizabeth Sampath ("Sampath"), an attorney at Blank Rome who had negotiated an agreement with AGEM on behalf of Plaintiff, would necessarily serve as a fact witness in the case (doc. 4). Plaintiff responded that Sampath left Blank Rome on August 31, 2003, and therefore disqualification of Blank Rome can not be premised on Sampath as she is no longer a lawyer in the firm (doc. 15). Moreover, Plaintiff argues that Sampath has nothing material to offer and does not anticipate calling her as a witness

4

in the case (Id.). Plaintiff further indicates it is confident that no other Blank Rome attorneys were involved with the AGEM agreements (Id.). Defendants reply that when balancing the public interest and the interests of the parties, it is necessary to disqualify Blank Rome even though Sampath is no longer with the firm (doc. 18, citing General Mill Supply Co. v. SCA Services, Inc., 697 F.2d 704 (6th Cir. 1982)). Defendants anticipate that discovery will reveal that other attorneys at Blank Rome assisted Sampath, and that Blank Rome attorneys will be called upon as authenticating witnesses of subpoenaed Blank Rome files (Id.).

Having reviewed this matter, the Court finds that because Sampath is no longer with Blank Rome, it would be inappropriate to disqualify the firm. Even if Sampath would be called as a witness, she is no longer an attorney at Blank Rome, and Ohio Code of Professional Responsibility DR 5-101(B) therefore does not disqualify the firm. However, if discovery would result in someone from Blank Rome testifying, the Court will revisit the issue of disqualification upon a motion.

**III. Defendants' Motions to Dismiss (docs. 9, 10, & 11)**

Each of the pending motions to dismiss are premised on Fed. R. Civ. P. 12(b)(6), while Defendant Sharon Highlander's motion to dismiss is also premised on Fed. R. Civ. P. 9(b), which requires that allegations of fraud be stated with particularity.

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)

5

requires the Court to determine whether a cognizable claim has been pleaded in the complaint. The basic federal pleading requirement is contained in Fed. R. Civ. P. 8(a), which requires that a pleading "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). In its scrutiny of the complaint, the Court must construe all well-pleaded facts liberally in favor of the party opposing the motion. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Rule 8(a)(2) operates to provide the defendant with "fair notice of what plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). A court examines a complaint in light of the objectives of Rule 8 using the standard articulated in Jones v. Sherrill, 827 F.2d 1102, 1103 (6th Cir. 1987):

> In reviewing a dismissal under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint. Windsor v. The Tennessean, 719 F.2d 155, 158 (6th Cir. 1983), cert. denied, 469 U.S. 826 (1984). The motion to dismiss must be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle her to relief. Id. at 158; Conley v. Gibson, 355 U.S. 41 (1957).

Jones, 824 F.2d at 1103.

The admonishment to construe the plaintiff's claim liberally when evaluating a motion to dismiss does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions. Wright, Miller & Cooper, Federal Practice and Procedure: § 1357 at 596

6

(1969). "In practice, a complaint . . . must contain either direct or inferential allegations respecting all of the material elements [in order] to sustain a recovery under some viable legal theory." Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984), quoting In Re: Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. 1981); Wright, Miller & Cooper, Federal Practice and Procedure, § 1216 at 121-23 (1969). The United States Court of Appeals for the Sixth Circuit clarified the threshold set for a Rule 12(b)(6) dismissal:

> [W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988).

**A. Defendant Brent Highlander's Motion to Dismiss (doc. 9)**

Defendant Brent Highlander argues in his motion that Plaintiff's Complaint fails to allege that he is a party to unlawful action, but merely indicates he is associated with the co-Defendants (doc. 9). Brent Highlander further argues that the allegation that Hartman owns and or receives a profit from the Lindale Golf Club provides no basis for a claim against Mr. Highlander (Id.). Mr. Highlander argues there are no profits flowing from the alleged fraud to him or the golf club, but rather

7

from the club to Par Three, Par Four, and Mr. Hartman (Id.). Mr. Highlander contends that the ownership relationship results in no conceivable damage to the Plaintiff (Id.). In Mr. Highlander's view, Plaintiff is merely trying to hold him liable based on his marital relationship with Sharon Highlander (Id.).

Plaintiff responds that under applicable Ohio choice of law rules, the substantive law of Kentucky governs the motion to dismiss, because the torts occurred in Kentucky, the injury to Plaintiff is in Kentucky, and the place of the relationships between Defendants and Plaintiff is Kentucky (doc. 20). Plaintiff argues that Kentucky law has long recognized the causes of action for aiding and abetting a breach of a fiduciary duty and for civil conspiracy (Id. citing Lappas v. Barker, 375 S.W.2d 248, 252 (Ky. 1964)("A person who knowingly aids and abets a fiduciary to make a secret profit is jointly liable with such fiduciary"); Burklow v. Baskin-Robbins USA, Co., 274 F. Supp. 2d 899, 908 (W.D. Ky. 2003)(a civil conspiracy requires that Plaintiff prove an unlawful or corrupt combination or agreement between alleged conspirators to do by some concerted action an unlawful act). Plaintiff argues that its allegations in the Amended Complaint contain the elements of each claim against Mr. Highlander (Id.). Specifically, Plaintiff pled that Mr. Highlander encouraged Mrs. Highlander's conduct on behalf of AGEM, and that he stood to benefit from the unreasonable deal given to AGEM in the form of favorable business terms in his

8

ventures with his wife and Hartman (Id.).

Construing all well-pleaded facts liberally in favor of the Plaintiff, as the Court is required to do in the context of a motion to dismiss, Scheuer, 416 U.S. 232, 236, the Court does not find it appropriate to dismiss Plaintiff's Complaint against Mr. Highlander. Contrary to Mr. Highlander's argument, Plaintiff does more than premise its Complaint on Mr. Highlander's marriage to Sharon Highlander. Plaintiff spells out a potential conflict of interest that Sharon Highlander allegedly never divulged, and raises inferential allegations that Mr. Highlander's financial interests were intertwined with his wife and Hartman (doc. 8). Plaintiff also alleges that Sharon Highlander negotiated contracts that inured to the benefit of Hartman's company to the detriment of Plaintiff, and she avers that Mr. Highlander encouraged his wife to negotiate the contracts as she did (Id.). Although Mr. Highlander argues that there are no profits flowing from the alleged fraud to him or the golf club, such factual issues can be established during discovery when the mechanics of the financial relationships in this case can be laid bare. At this stage in the litigation, however, Plaintiff has sufficiently put Mr. Highlander on notice that his alleged actions individually and in concert with the other Defendants could constitute both the aiding and abetting of a breach of fiduciary duty and a civil conspiracy. For these reasons, the Court denies Defendant Brent Highlander's Motion to Dismiss.

9

**B. Defendant Sharon Highlander's Motion to Dismiss Count III (Fraud/Intentional Misrepresentation) For Failure to Plead Fraud With Particularity (doc. 10)**

Defendant Sharon Highlander argues that under Fed. R. Civ. P. 9(b), Plaintiff must at a minimum "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud" (doc. 10, citing Coffey v. Foamex L.P., 2 F.3d 157, 161-62 (6th Cir. 1993)). Mrs. Highlander argues that rather than complying with Rule 9(b), Plaintiff merely makes a generalized and conclusory allegation of fraud or intentional misrepresentation while failing to identify specific statements or representations it claims were false (Id.).

Plaintiff responds that its Complaint indicates Mrs. Highlander was required to adhere to its Code of Business Conduct and Ethics which forbids officers from engaging in transactions that involve conflicts of interest (doc. 19). Moreover, Plaintiff's Compliance Guidelines prohibit employees from having a significant interest in an entity with which General Cable conducts business (Id.). Plaintiff states that in 2003, Mrs. Highlander signed a letter indicating she had read the Compliance Guidelines, that she was in compliance, and that she understood the importance of continued compliance with the letter and spirit of the Guidelines (Id.). However, in 2004, Plaintiff alleges that contrary to policy, Mrs. Highlander failed to complete, sign, and

10

submit the letter (Id.).

Plaintiff further argues it has sufficiently pled the existence of a fraudulent scheme, in alleging that Mrs. Highlander selected her business partner's company AGEM for a contract with Plaintiff, and negotiated commercially unreasonable terms inuring to the benefit of AGEM and to the detriment of Plaintiff (Id.). Plaintiff further alleges that Mrs. Highlander was complicit with AGEM's alleged pattern of manipulating priority codes, which resulted in AGEM receiving more time to perform tasks, and receiving compensation to which it was not entitled (Id.). Finally, Plaintiff alleges Mrs. Highlander orally agreed with Hartman to modify the contract in a manner that resulted in further detriment to Plaintiff's interests (Id.).

Under Sixth Circuit law, Plaintiff contends, it is merely required to place the Defendants on "sufficient notice of the misrepresentation" so as to allow Defendants to "answer, addressing in an informed way Plaintiff's claim of fraud" (Id. citing Coffey v. Foamex, L.P., 2 F.3d 157, 162 (6th Cir. 1993)(quoting Brewer v. Monsanto Corp., 644 F. Supp. 1267, 1273 (M.D. Tenn. 1986))). Relying on Resource Title Agency, Inc. v. Morreale Real Estate Services, Inc., 314 F. Supp. 2d 763, 776 (N.D. Ohio 2004), Plaintiff further argues that in absence of a motion for a more definite statement under Rule 12(e), dismissal of a fraud claim for lack of particularity is inappropriate (Id.). Thus, argues

11

Plaintiff, even if it has failed to plead allegations of fraud with sufficient particularity, the appropriate motion would be one for a more definite statement, as opposed to a motion to dismiss (Id.).

Having reviewed this matter, the Court concludes that Plaintiff has given Defendant Sharon Highlander "sufficient notice of the misrepresentation" so as to allow her to "answer, addressing in an informed way Plaintiff's claim of fraud." Coffey, 2 F.3d 157, 162.  Plaintiff's Complaint alleges that Mrs. Highlander engaged in transactions which involved conflicts of interest during her employment, in violation of Plaintiff's Code of Business Conduct and Ethics.  More specifically, Plaintiff alleges that in 2004, Mrs. Highlander failed to complete the required letter attesting to the fact that she was complying with the spirit of the Compliance Guidelines.  Mrs. Highlander's failure to be forthright at such point in time can be construed, taking all inferences in favor of Plaintiff, as an active misrepresentation, intended to cover the alleged conflict of interest that ultimately resulted in economic injury to Plaintiff, through commercially unreasonable contracts.  The Court is therefore satisfied that Plaintiff has alleged Mrs. Highlander's alleged misrepresentation with adequate particularity to withstand Defendant's motion to dismiss.

**C.     Defendants' Joint Motion to Dismiss Count II (Aiding and Abetting Breach of Fiduciary Duties) and Count IV (Civil Conspiracy) for Failing to State a Claim Upon Which Relief Can Be Granted (doc. 11)**

Defendants argue that under Ohio law, no cause of action exists for aiding and abetting breach of fiduciary duties (doc. 11). They therefore argue that Plaintiff's cause of action is not recognized under the law and should be dismissed (Id.). Defendants next argue that under Ohio law, damages in a civil conspiracy action are limited to damages related to acts pursuant to the conspiracy, and not the conspiracy itself (Id.). Defendants argue Plaintiff therefore cannot premise its claim for damages as it has in its Complaint (Id.). Moreover, Defendants argue, there is no recognized cause of action for civil conspiracy to breach another's fiduciary duty (Id.).

Plaintiff responds that Defendants misconstrue its Complaint and apply legal authority that is not on point (doc. 21). Plaintiff insists that Kentucky law applies to the case, and that Kentucky law has long recognized the cause of action for aiding and abetting the breach of a fiduciary duty (Id. citing Lappas v. Barker, 375 S.W. 2d 248, 252 (Ky. 1964)("A person who knowingly aids and abets a fiduciary to make a secret profit is jointly liable with such fiduciary")). Plaintiff also indicates that contrary to Defendants' assertion, the Ohio Supreme Court has applied Section 876(b) of the Restatement Second of Torts, which

13

provides that "For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he . . . knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself" (Id. citing Aetna Cas. & Sur. Co. v. Leahey Constr. Co., 219 F.3d 519, 532-33 (6th Cir. 2000)(citing Great Central Ins. Co. v. Tobias, 524 N.E. 2d 168, 172 (Ohio 1988)).

As for Count IV of its Complaint, Plaintiff argues a claim for civil conspiracy exists in Kentucky law, citing as it did in response to Brent Highlander's Motion to Dismiss, to Burklow, 274 F. Supp. 2d 899, 908. Plaintiff argues that Defendants clearly shared the conspiratorial objective of reaping financial benefits, Hartman and AGEM through the windfall from a commercially unreasonable contract, and the Highlanders through favorable business arrangements obtained in consideration of that contract (Id.). The actions of Defendants in the furtherance of their conspiracy, argues Plaintiff, including the execution of the contract and the manipulation of priority codes, resulted in injury to Plaintiff (Id.).

Having reviewed this matter, the Court finds that applying either Kentucky or Ohio law, both which have adopted Section 876(b) of the Restatement Second of Torts, Plaintiff has asserted viable causes of action for aiding and abetting the breach of fiduciary duty and for civil conspiracy. Aetna Cas. & Sur. Co.

v. Leahey Constr. Co., 219 F.3d 519, 532-33 (6th Cir. 2000)(citing Great Central Ins. Co. v. Tobias, 524 N.E. 2d 168, 172 (Ohio 1988); Burklow v. Baskin-Robbins USA, Co., 274 F. Supp 2d 899, 908 (W.D. Ky. 2003); Lappas v. Barker, 375 S.W. 2d 248, 252 (Ky. 1964); Kenty v. Transamerica Premium Ins. Co., 650 N.E. 2d 863 (Ohio 1995). The Court does not find well-taken Defendants' arguments to the contrary. Plaintiff has asserted that Defendants took concerted actions in violation of Sharon Highlander's fiduciary duties so as to jointly gain secret profit at Plaintiff's expense. Such actions, if proven, are actionable under the law.

**IV. Conclusion**

The Court finds it inappropriate to grant Defendants' motion to Plaintiff's counsel, the firm of Blank Rome, because such motion is premised on the involvement of Elizabeth Sampath, who is no longer with the firm. However, Defendants may renew such motion should it become clear that attorneys for Blank Rome are fact witnesses in this matter. The Court also does not find Defendants' three motions to dismiss well-taken. Plaintiff has pled adequate allegations to support claims against Brent Highlander, has pled with adequate particularity to support claims of fraud against Sharon Highlander, and has pled viable causes of action under either Kentucky or Ohio law.

Accordingly, the Court DENIES Defendants' Joint Motion to Disqualify Counsel for the Plaintiff (doc. 4), DENIES Defendant

15

Brent Highlander's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (doc. 9), DENIES Defendant Sharon Highlander's Motion to Dismiss Count III For Failing to Plead Fraud with Particularity and For Failure to State a Claim Upon Which Relief Can Be Granted (doc. 10), and DENIES Defendants' Joint Motion to Dismiss Count II and Count IV For Failing to State a Claim Upon Which Relief Can Be Granted (doc. 11).

    SO ORDERED.


Dated: November 2, 2005        <u>s/S. Arthur Spiegel        </u>
                                            S. Arthur Spiegel
                                            United States Senior District Judge