UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **GENERAL CABLE CORPORATION,**     **PLAINTIFF** | **CASE NO. 1-05-CV-083**  (SPIEGEL, J.)  (HOGAN, M.J.) |
| **VS.** | |
| **SHARON F. HIGHLANDER, ET AL.,**     **DEFENDANT** | |

### ORDER

Before the Court is Defendant AGEM Enterprises International, Inc.'s (AGEM) Motion for Imposition of Sanctions (Doc. 119) and Plaintiff's Memorandum in Opposition (Doc. 122). The subject is Plaintiff's counsel's use of grand jury subpoenas to conduct discovery in this civil case.

AGEM alleges that it received in discovery from Plaintiff documents Plaintiff submitted to its expert, Kroll, Inc. and that the documents in question consisted of banking records of Defendants obtained as a result of 18 grand jury subpoenas issued by a detective with the Highland Heights Police Department. AGEM alleges that Plaintiff was the complainant regarding alleged criminal behavior on the part of Defendants.

Plaintiff, on the other hand, asserts that it has an insurance policy with National Union Fire Insurance Company which required it to report any criminal activity on the part of Plaintiff's employees which would be the basis of a claim. Plaintiff reported such activity of Defendant Highlander to the Highland Heights Police, who conducted an investigation. Both General Cable and AIG, of which National Union Insurance Company is a member, retained Kroll, Inc. as an expert. According to Plaintiff, there was cooperation and shared information between the Police Department and Kroll, Inc.

Plaintiff, in other words, asserts that it reported the criminal activity of its employee to the police because it was obligated to as a citizen and because it had a contractual duty to do so as per the terms of its policy with National Union Insurance Company. Defendant theorizes that Plaintiff's attorneys conspired with police to obtain information via a government-initiated

criminal investigation so they could use such information against Defendant in this civil case.  It is obvious that neither Plaintiff nor its attorneys had the ability to issue grand jury subpoenas themselves, nor did they have the power to take control of the documents produced in response to the subpoenas.  In addition, neither Plaintiff nor its attorneys had the power to compel the police to investigate Plaintiff's complaint of criminal behavior at all. The fact that there was any type of criminal investigation by the police suggests that the alleged facts, as reported, had at least arguable merit and that the reporter had at least arguable credibility.  Police often share, for example, investigative information with automobile insurance companies, who often respond in turn with expert accident reconstruction reports, for example.  This kind of exchange occurs daily.

What the law does not permit is the use of government-compelled subpoenas in a criminal case to be used by the government to obtain information in the civil case beyond that permitted by the Civil Rules.  See *United States v. Sells Engineering, Inc*. 463 U.S. 418 (1983).  Nothing like that occurred in this case.  AGEM essentially argues here that the police were manipulated or compelled to issue subpoenas, not for the purpose of investigating criminal behavior, but to further the interests of a private litigant in a civil case.  Or that once having a legitimate need to obtain evidence in a criminal case, police must keep such information confidential.  AGEM argues that the subpoenas, issued by a state court, were motivated by an attempt to "circumvent The Right to Financial Privacy Act," 12 U.S.C., Section 3401, but the Act restrains actions by the federal, not state government.  The Act simply does not apply.  In addition, the *Sells Engineering* case has no application to instances where the a private party and not the government initiated civil proceedings.

We find this motion to lack merit and hereby deny it.  Plaintiff explained its position to AGEM in a letter of September 12, 2006 from Michael Keffer, Esq. to Curt Hartman, Esq. and stated that failure to withdraw the instant Motion is grounds for sanction.  We disagree on two bases.  First, Defendant's Motion was arguable, although we found it to be unconvincing.  Second, this case is contentious enough without adding gas to the fire.

October 30, 2006                             s/Timothy S. Hogan  
                                             Timothy S. Hogan  
                                             United States Magistrate Judge